**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-50130**

_____

**JOSEPH STANLEY FAULDER,**

**Plaintiff-Appellant,**

**versus**

**TEXAS BOARD OF PARDONS & PAROLES, ET. AL.,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
_____

June 10, 1999

Before JONES, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

Appellant Stanley Faulder, now sentenced to be executed on June 17, 1999, appeals from the district court's rejection of his due process challenge to the procedures used by the Texas Board of Pardons and Paroles. We find no error and affirm.

Faulder has been tried and sentenced to death twice for murdering Inez Phillips in the course of committing aggravated robbery. He has received dispositions on three state habeas petitions and one federal habeas petition. He has participated in state court civil litigation regarding the clemency policies of the Texas Board of Pardons and Paroles (the Board).

The instant case was filed against the Board on December 8, 1998, shortly before a previously scheduled execution date, in order to contest the state's clemency procedures under 42 U.S.C. § 1983. The district court temporarily stayed Faulder's execution, but this court granted the Board's motion to vacate the stay, and this court then denied Faulder's motion for en banc reconsideration. The Supreme Court, however, stayed Faulder's execution pending a writ of certiorari from one of his state habeas petitions. The Court denied cert. on January 25, 1999. Faulder v. Texas, 119 S. Ct. 909. A week earlier, the federal district court denied section 1983 relief after a hearing.

On appeal, Faulder argues that the Board's procedures do not meet "minimal due process" standards principally because the Board allegedly violated applicable state law and its own regulations, and Faulder received inadequate notice of issues the Board would consider.[1] In addition, Faulder alleges conclusionally in his brief that the Board acts in secrecy, refuses to hold hearings, gives no reasons for its decisions, and keeps no records of its actions. He describes the Board's action as "an arbitrary exercise of administrative power."

---

[1] This court has jurisdiction over the district court's final judgment adjudicating the section 1983 claim. 28 U.S.C. § 1291. Unlike the request for a stay of execution, the district court's judgment did not purport to interfere with the state's carrying out of the death penalty, an action that this court earlier considered an infringement on habeas corpus jurisdiction. See Moody v. Rodriguez, 164 F.3d 893, (5th Cir. 1999); Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 827 (1973); Buchanan v. Gilmore, 139 F.2d 982, 984 (4th Cir. 1998).

These contentions are meritless. In <u>Ohio Adult Parole</u>
<u>Authority v. Woodard</u>, ____ U.S. ___, 118 S. Ct. 1244, 1253 (1998),
Justice O'Connor's concurring opinion stated only that <u>minimal</u>
procedural safeguards apply to clemency proceedings. <u>Id</u>. at 1254.
The low threshold of judicial reviewability is based on the facts
that pardon and commutation decisions are not traditionally the
business of courts and that they are subject to the ultimate
discretion of the executive power. <u>Id</u>. This is highlighted by
Justice O'Connor's narrow view of when judicial intervention into
clemency decisions might be warranted: where a state official
"flipped a coin" to determine whether to grant clemency, or the
state arbitrarily denied a prisoner any access to its clemency
process. <u>Id</u>.

Faulder's clemency procedures exhibited neither of these
extreme situations. The federal district court conscientiously
explained the Board's procedures and the liberal, non-evidentiary
rules permitting Faulder to submit any information he thought
appropriate to the Board's decision. Board members testified at
length about their decision-making processes. The Board members
reviewed the information they believed material to Faulder's
request, and each one independently determined whether clemency
ought to be recommended. The Board staff furnished members with
Faulder's or his family's submissions and with such other
information as was relevant or useful. We need not go further in
advising the Board what procedures it might choose to adopt in the

3

future, because what they did in this case complied with the constitutional minimum set forth in <u>Woodard</u>.

Further, this court has previously rejected arguments against the constitutionality of Texas's clemency procedures for essentially the same reasons stated by the district court in this case. <u>Moody v. Rodriquez</u>, 164 F.3d at 894. The state notes that <u>Moody</u> is based on a slightly different voting form prepared for the Board in capital cases after Faulder's petition was decided. The information now contained on the form adds nothing relevant to the information developed by the district court about the Board's actions in this case.

Taken either individually or cumulatively under the facts of this case, none of the objections that Faulder raises to the Board's procedures represents an essential component of due process. Procedural due process is an inherently flexible concept. And <u>Woodard</u> emphasizes that extra flexibility is required when, as here, the criminal process has reached an end and a highly individualized and merciful decision like executive clemency is at issue. Faulder had ample opportunity to present his best case to the Board, and the Board gave it appropriate consideration.

For these reasons, the judgement of the district court is **AFFIRMED**.

Faulder's motion to stay execution is **DENIED**. <u>Moody v. Rodriquez</u>, <u>supra</u> note 1.

4