United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-30410

CHRISTOPHER SEPULVADO,

Plaintiff-Appellant,

versus

LOUISIANA BOARD OF PARDONS AND PAROLE;
C.J. BELL, Board Member; PAUL BLANGE, III, Board Member;
LARRY CLARK, Board Member;
IRVIN L. MAGRI, JR., Board Member and Chair;
JULIA BRUMFIELD SIMS, Board Member; KATHLEEN BABINEAUX BLANCO,
Governor of Louisiana; RICHARD L. STALDER, Secretary of
Louisiana Department of Public Safety and Corrections,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
(3:03-CV-788-C)

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This action was filed pursuant to 42 U.S.C. § 1983.
Christopher Sepulvado, who received the death penalty in Louisiana
state court, appeals the dismissal, for lack of standing, of his
claim that the clemency process of the Louisiana Board of Pardons
and Parole does not meet minimal due process standards. **AFFIRMED**.

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sepulvado was convicted of first degree homicide and sentenced to death in 1993. The conviction and sentence were affirmed on direct appeal. *State v. Sepulvado*, 672 So. 2d 158 (La.), *cert. denied*, 519 U.S. 1035 (1996).

Sepulvado was denied post-conviction relief in Louisiana district court; the Louisiana Supreme Court affirmed in March 2000. Later that month, Sepulvado filed for federal habeas relief. In August 2002, the district court denied relief and a certificate of appealability (COA). Our court denied Sepulvado's COA-request. *Sepulvado v. Cain*, 58 Fed. Appx. 595 (5th Cir.)(unpublished), *cert. denied*, 124 S. Ct. 110 (2003).

In October 2003, Sepulvado filed this § 1983 action, seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 for claimed violations of his Eighth and Fourteenth Amendment rights. He claims the Board's clemency procedures deny him minimal due process, *see Ohio Adult Parole Authority v. Woodward*, 523 U.S. 272, 289-90 (1998) (O'Connor, J., concurring), because: he is not entitled to a hearing for his clemency application; and an amendment to the Board's procedures, subsequent to his conviction, requires all applications to be filed within one year of exhaustion of direct appeals. *See* LA. ADMIN. CODE tit. 22, § 101(D) (1998).

On 31 March 2004, the district court dismissed the action for lack of standing because Sepulvado had not filed an application for clemency. Two days later, Sepulvado applied for clemency. And, on

21 April 2004, he filed a notice of appeal from the dismissal of this action.

The clemency application was denied on 8 June 2004. The stated reasons for the denial were the serious nature of the offense and an insufficient amount of time served.

II.

Dismissal pursuant to FED. R. CIV. P. 12(b)(1) and (6) is reviewed *de novo*. *E.g.*, **Herbert v. United States**, 53 F.3d 720, 722 (5th Cir. 1995). The district court held: because Sepulvado had not applied for clemency before filing this action, he lacked standing to challenge the constitutionality of the clemency process. Post-dismissal, Sepulvado applied for clemency; it was denied. He contends, *inter alia*, that the district court abused its discretion by not allowing him to amend his complaint. *E.g.*, **Zenith Radio Corp. v. Hazeltine Research, Inc.**, 401 U.S. 321, 330 (1971).

A.

Pursuant to Article III of the Constitution, standing to bring a claim requires, in part, that "the plaintiff must have suffered an 'injury-in-fact' — an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent not conjectural or hypothetical...". **Lujan v. Defenders of Wildlife**, 504 U.S. 555, 560 (1992). Because, prior to filing this action, Sepulvado had not filed an application for clemency,

his claims of injury based on any alleged constitutional defects in the clemency process were speculative. Accordingly, the district court did not err in dismissing for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1).

B.

Sepulvado's action was dismissed on 31 March 2004; his 2 April 2004 clemency application was denied on 8 June 2004. Sepulvado maintains the district court abused its discretion by not allowing him to amend his complaint post-denial of his clemency application. His notice of appeal was filed, however, *before* the denial of that application.

In his opposition to the motion to dismiss, Sepulvado requested permission to amend *if* the court ruled he had to apply for clemency. The record does not disclose if, or when, Sepulvado moved to amend his complaint *after* applying for clemency or the ground for the district court's denial, if any. In any event, the district court lost jurisdiction upon the notice of appeal's being filed. *E.g., Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999).

C.

The Board moved to dismiss Sepulvado's claims for both lack of subject-matter jurisdiction and failure to state a claim. *See* FED. R. CIV. P. 12(b)(1)and(6). The district court did not specify the ground on which it based its decision, or whether the dismissal was

4

with prejudice. Dismissal for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), is without prejudice; dismissal for failure to state a claim, pursuant to Rule 12(b)(6), is with prejudice. *E.g.*, **Hitt v. Pasadena**, 561 F.2d 606, 608 (5th Cir. 1977). The dismissal was for lack of subject-matter jurisdiction (standing); therefore, it is without prejudice.

## D.

A critical issue the district court did not reach is whether Sepulvado's claims were properly filed pursuant to § 1983 or whether they should have been presented in a habeas petition. Because Sepulvado has already pursued an unsuccessful federal habeas petition, if he cannot bring his claims under § 1983, he will be subject to the certification requirements of 28 U.S.C. § 2244(b) for successive habeas petitions, should he again file the claims in the instant action. This appeal having been resolved on standing grounds, we do not reach whether habeas corpus or § 1983 is the proper basis for pursuing his claims.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED*.

5