United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 05-70034

_____

CHRISTOPHER SEPULVADO,

Plaintiff-Appellant,

versus

LOUISIANA BOARD OF PARDONS AND PAROLE; LARRY CLARK, Board Member
and Vice Chairman; RONALD D. COX, District Judge, (Retired) Board
Member and Chairman; CLEMENT LaFLEUR, Board Member; TED
MIGUES; JULIA BRUMFIELD SIMS; KATHLEEN BABINEAUX BLANCO,
Governor of Louisiana; RICHARD STALDER, Secretary of Louisiana,
Department of Public Safety and Corrections,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(3:04-cv-00820-SCR)

_____

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

Per Curiam:[*]

Death-sentenced Louisiana state prisoner Christopher Sepulvado appeals this action's being dismissed under Federal Rule of Civil Procedure 12(b)(6) (failure to state claim). Pursuant, _inter alia_, to 42 U.S.C. § 1983, Sepulvado claims the State's clemency procedure violates the Eighth (cruel and unusual punishment) and Fourteenth (due process denial) Amendments. **AFFIRMED.**

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In 1993, Sepulvado was convicted of murder and sentenced to death. *Sepulvado v. La. Bd. of Pardons & Parole*, 114 F. App'x 620, 621 (5th Cir. 2004). He is incarcerated on death row in the state penitentiary.

Sepulvado filed a similar action in 2003, claiming the clemency system denied him due process. *Id*. Because Sepulvado had not yet applied for clemency, the district court dismissed the complaint for lack of standing, and we affirmed (lack of subject matter jurisdiction), holding the dismissal was without prejudice. *Id*. at 622.

After the district court had dismissed the complaint in the first action, but before that dismissal was affirmed, Sepulvado applied for clemency. In June 2004, his application was denied. *Id*.

Sepulvado filed this action that November. It was dismissed in May 2005.

II.

We review *de novo* a Rule 12(b)(6) motion's being granted. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). Each *well-pleaded* allegation in the complaint "must be accepted as true, and the dismissal will be affirmed 'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations'". *Id*. at 514-15 (quoting *Moore v.*

*Carwell*, 168 F.3d 234, 236 (5th Cir. 1999)). For complaints, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief". FED. R. CIV. P. 8(a)(2). Instead, Sepulvado's two-claim complaint is 36 pages, more closely resembling a brief.

*Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998), held Ohio's clemency procedures did not violate the Constitution; Justice O'Connor's concurrence (providing the fifth vote) stated only "*minimal* procedural safeguards apply to clemency proceedings". *Id*. at 289 (O'Connor, J., concurring) (emphasis in original). Justice O'Connor *suggested* relief "*might*, for example, be warranted in the face of a [clemency] scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner *any* access to its clemency process". *Id*. (emphasis added).

Subsequently, in line with Justice O'Connor's position, our court stated minimal procedures are required. *Faulder v. Tex. Bd. of Pardons & Paroles*, 178 F.3d 343, 344 (5th Cir.), *cert. denied*, 527 U.S. 1017 (1999) (stating clemency process requires minimal procedural safeguards). Because clemency "decisions are not traditionally the business of courts", there is an extremely "low threshold of judicial reviewability". *Id*.

A.

Sepulvado's complaint seeks to distinguish Louisiana's clemency procedure from those in other States, claiming, *inter alia*, because Louisiana law does *not guarantee* a clemency hearing, its procedure falls below the minimum due-process threshold. Other cases involving constitutional challenges to clemency procedures, including **Woodard** and **Faulder**, however, do *not* establish specific requirements States must follow.

Louisiana state law allows every inmate to apply for clemency (which Sepulvado did). As shown *infra*, Sepulvado fails to state a claim in asserting Louisiana's clemency procedure falls below the minimum constitutional threshold.

The Governor may commute a sentence only upon the Board's recommendation. LA. CONST. art. IV, § V; LA. REV. STAT. ANN. § 15:572. When seeking clemency in Louisiana, the first step is filing an application that includes, *inter alia*: (1) name and prison number; (2) date of birth; (3) offense charged, convicted of or pled to; (4) date and length of sentence; (5) time served; (6) reason for requested clemency; (7) relief requested and narrative detailing the events surrounding the offense; and (8) any institutional disciplinary reports. LA. ADMIN. CODE tit. 22, § V.103(A). Except in cases involving inmates who have served less than 15 years of a life sentence and have evidence demonstrating actual innocence, *no*

4

further information may be provided *unless* a clemency hearing is granted. *Id*. § V.103(C).

After the application is filed, at least four Board members review the application to determine whether a clemency hearing is warranted. *Id*. § V.101(C). The Board has discretion to grant a clemency hearing; Louisiana law lists eight reasons for which the Board, in its discretion, may deny one. *Id*. § V.105. Sepulvado's application was denied, without a hearing, for two of § 105's listed reasons: (1) because his offense was serious in nature; and (2) because he had not served sufficient time.

Sepulvado was allowed to apply for clemency, and the complaint does not allege the Board failed to consider his application before denying it. Instead, Sepulvado makes a facial challenge to the procedure. His complaint alleges, for example, the Governor rarely grants clemency to violent offenders; this, however, does not state a claim for a due-process violation.

Sepulvado contends dismissal was inappropriate because, without discovery, he cannot determine whether clemency was denied arbitrarily, possibly even based on the coin-flip example in Justice O'Connor's concurring opinion in *Woodard*. Sepulvado's complaint, however, does not allege he was denied clemency in that fashion; and, as discussed earlier, we are confined to reviewing only the complaint when considering a Rule 12(b)(6) motion.

5

In the light of the allegations in the complaint, Sepulvado had full access to the clemency process, and the Board considered his application before denying him a clemency hearing. Under the highly deferential **Faulder** standard of review, Sepulvado does *not* state a due-process-denial claim for which relief can be granted.

B.

Sepulvado's complaint similarly claims the clemency procedure violates the Eighth Amendment's prohibition against cruel and unusual punishment. For the same reasons he failed to state a due-process claim, he fails to state one under the Eighth Amendment.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*