# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20732

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RHONDA FLEMING,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-513-1

Before DENNIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, federal prisoner # 20446-009, has filed several motions seeking summary reversal, remand, and other relief from the district court's denial of her motion for relief from her criminal judgment entered upon her conviction of one count of conspiring to commit health care fraud and wire fraud, 35 counts of aiding and abetting health care fraud, 10 counts of aiding and abetting wire fraud, 16 counts of money laundering, and five counts of engaging in monetary transactions in property derived from specified unlawful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

activity.  Pursuant to Federal Rule of Civil Procedure 60(b)(4) or (6), Fleming sought relief from the portion of the judgment that ordered her to pay over $6 million in restitution, including over $5.8 million to be paid to Medicare.

Rule 60(b) is a rule of civil procedure, not of criminal procedure.  *See* FED. R. CIV. P. 60(b).  Fleming has not shown that her request to amend the restitution order in her criminal judgment was cognizable pursuant to Rule 60(b).  Her appeal is without arguable merit and thus frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1982).  Accordingly, the appeal is DISMISSED AS FRIVOLOUS, and all outstanding motions are DENIED.  *See* 5TH CIR. R. 42.2.

Fleming is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.  *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988) (noting federal courts' inherent power to sanction litigants for frivolous filings).