PER CURIAM:
Christopher Young was sentenced to death by a Texas jury for the murder of Hasmukh Patel. That sentence is scheduled to be carried out by the State of Texas on July 17, 2018.
After a series of unsuccessful state and federal habeas corpus challenges[1] and upon being denied clemency, Young filed a 42 U.S.C. § 1983 claim. He contends that the Texas Board of Pardons and Paroles' decision not to recommend commutation to the Governor violated the Equal Protection Clause of the Fourteenth Amendment. Young requests a stay of his execution until he can conduct discovery to find evidence supporting that claim. The district court denied that request. We affirm.
I.
The state contends that the district court lacked jurisdiction, claiming that § 1983 is not the appropriate vehicle to raise an equal protection claim regarding clemency proceedings.[2] In support, the state points to our precedent determining that we lack jurisdiction under § 1983 to stay executions based on clemency-related claims.[3] Usually that would be the end of the discussion, and our rule of orderliness would require dismissal for want of jurisdiction.[4] But Skinner v. Switzer , 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011), is an intervening change in the law *831 that requires us to reexamine this issue.[5]
"[A] convicted state prisoner seeking DNA testing of crime-scene evidence [can] assert that claim in a civil rights action under 42 U.S.C. § 1983." Id. at 524, 131 S.Ct. 1289. The test for determining whether a claim is cognizable only in a habeas proceeding is whether the petitioner "seeks 'immediate or speedier release' from confinement." Id. at 525, 131 S.Ct. 1289. "Where the prisoner's claim would not 'necessarily spell speedier release,' ... suit may be brought under § 1983." Id.
Young's challenge to the clemency proceedings will not "spell speedier release." In fact, no release-from confinement or from the sentence of death-would result at all.[6] At most, these proceedings can result only in a stay until Young is afforded a clemency proceeding commensurate with the Constitution.[7] That result would not "necessarily imply the invalidity of [the] conviction[ ] or sentence[ ]," as clemency could again be denied. Id. at 534, 106 S.Ct. 1326 (cleaned up) (quoting Wilkinson v. Dotson , 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) ). The district court thus had jurisdiction.
II.
"[A] stay of execution is an equitable remedy ... not available as a matter of right." Hill v. McDonough , 547 U.S. 573, 584, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). The inquiry is a familiar one:
(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[8 ]
We agree with the district court that Young fails to satisfy the first prong.[9] As his counsel admitted at the hearing before the district court, the only evidence he presents in support of his equal protection claim is a comparison to one white prisoner whose capital sentence was recently commuted in clemency proceedings. Considering that the state has previously commuted *832 the capital sentences of other African American males, that Young and the white comparator have differing criminal histories, that clemency decisions are predicated on "purely subjective evaluations and predictions on future behavior,"[10] and that each Board member's signed vote swore that race was not a consideration, Young has not made a strong showing that if we were to temporarily stay the execution and allow discovery, he would find evidence of discrimination.[11]
The judgment of dismissal with prejudice is AFFIRMED. The mandate shall issue immediately.

For a detailed history of the crime and the proceedings, see Young v. Davis , 860 F.3d 318, 321-23 (5th Cir. 2017).

Though the district court declined to reach this issue, jurisdiction cannot be waived or assumed. Bender v. Williamsport Area Sch. Dist. , 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986).

See Beets v. Tex. Bd. of Pardons & Paroles , 205 F.3d 192, 193 (5th Cir. 2000) (per curiam); Faulder v. Johnson (Faulder II ), 178 F.3d 741, 742 (5th Cir. 1999) ; Moody v. Rodriguez , 164 F.3d 893 (5th Cir. 1999) (per curiam).

Vaughan v. Anderson Reg'l Med. Ctr. , 849 F.3d 588, 591 (5th Cir. 2017).

See ids="12277530" index="26" url="https://cite.case.law/f3d/849/588/#p591">id. ("[A] panel may not overturn controlling precedent absent an intervening change in law."). See also Tamayo v. Perry , 553 F. App'x 395, 399-400 (5th Cir. 2014) (per curiam) (refusing to reach the issue of § 1983 and stays of executions but acknowledging that our prior caselaw in that area relies on a principle that "[a]rguably ... no longer applies," given Skinner (citing Sepulvado v. Jindal , 729 F.3d 413, 420-21 (5th Cir. 2013) ) ).

We interpret Young's petition as requesting only that he be provided a process free from impermissible racial considerations. We do not construe it as requesting us to command the Board to recommend clemency. Were that the request, we would obviously lack jurisdiction to order such invalidation of the death sentence.

The state tries to distinguish Skinner as approving only of challenges to "a state's procedures for DNA testing." Though that is true, Skinner clearly announced a test for determining when a claim is cognizable under § 1983, and Young's claim meets that standard.

Nken v. Holder , 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009) (internal quotation marks omitted).

We assume without deciding that a defendant can raise an equal protection claim in response to a clemency decision. While the Supreme Court has recognized procedural due process claims, it has left this precise question open. See Ohio Adult Parole Auth. v. Woodard , 523 U.S. 272, 276 n.1, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998).

Conn. Bd. of Pardons v. Dumschat , 452 U.S. 458, 464, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981) ("A decision whether to commute a long-term sentence generally depends not simply on objective factfinding, but also on purely subjective evaluations and on predictions of future behavior by those entrusted with the decision."); Faulder v. Tex. Bd. of Pardons & Paroles (Faulder I ), 178 F.3d 343, 344 (5th Cir. 1999) ("[E]xtra flexibility is required when, as here, the criminal process has reached an end and a highly individualized and merciful decision like executive clemency is at issue.").

See Cavasoz v. Smith , 565 U.S. 1, 8-9, 132 S.Ct. 2, 181 L.Ed.2d 311 (2011) (per curiam) ("[C]lemency[ is] a prerogative granted to executive authorities to help ensure that justice is tempered by mercy.... It is not for the Judicial Branch to determine the standards for this discretion. If the clemency power is exercised in either too generous or too stingy a way, that calls for political correctives, not judicial intervention."); Faulder I , 178 F.3d at 344 ("The low threshold of judicial reviewability is based on the facts that pardon and commutation decisions are not traditionally the business of courts and that they are subject to the ultimate discretion of the executive power.").
On appeal, Young requests that we lower the burden for a stay of execution where the timing of state clemency procedures makes it difficult for the petitioner to gather evidence. Specifically, Young would like us to issue a stay when "a death row inmate has made a prima facie showing of racial discrimination." First, we lack the authority to circumvent Supreme Court precedent and change the standard of proof for a stay of execution. Second, even if we were to do so, for the reasons already provided above, Young has failed to make a prima facie case.