# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-70031

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2018

Lyle W. Cayce
Clerk

JOSEPH C. GARCIA,

Plaintiff – Appellant,

v.

CARMELLA JONES; ED ROBERTSON; DAVID GUTIERREZ; FRED RANGEL; BRIAN LONG; FRED SOLIS; JAMES LAFAVERS; GREGORY W. ABBOTT,

Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before DENNIS, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:

Joseph Garcia was sentenced to death by a Texas jury and is scheduled for execution on December 4, 2018.[1]  Garcia filed a complaint under 42 U.S.C. § 1983 against the Texas Governor and the members of the Texas Board of Pardons and Paroles (the Board) alleging that the Board's composition violated his Eighth and Fourteenth Amendment rights and seeking declaratory and injunctive relief, including a preliminary injunction staying his execution.  The

---

[1] We previously denied Garcia a certificate of appealability in his federal habeas petition.  *Garcia v. Davis*, 704 F. App'x 316, 319 (5th Cir. 2017).

No. 18-70031

district court denied Garcia's motion for preliminary injunction and dismissed his § 1983 complaint with prejudice pursuant to 28 U.S.C. § 1915A. Garcia appealed. We AFFIRM the district court's judgment and DISMISS Garcia's motion for stay of execution as moot.

**I**

Garcia filed an Application for Commutation of Death Sentence to Lesser Penalty with the Texas Board of Pardons and Paroles on November 8, 2018. Three weeks later, Garcia filed this § 1983 action in the district court, alleging that the Board as currently constituted violates the requirement under Texas Government Code § 508.032(a) that the Board be "representative of the general public" because six of the seven Board members are former employees of the Texas Department of Criminal Justice or former law enforcement officers and six of the seven Board members are male. According to Garcia, this in turn violates his Fourteenth Amendment due process right to a fair clemency proceeding, and executing him under these circumstances would violate his Eighth Amendment right to be free from cruel and unusual punishment. Garcia simultaneously moved for a preliminary injunction to bar the Board from making a recommendation on his clemency request.[2] He also asked the district court to stay his execution to allow time to "hear the allegations in his [c]omplaint."

The district court denied Garcia's motion for preliminary injunction on two grounds: (1) Garcia was dilatory in bringing his § 1983 action so as to delay his execution; and (2) the case had no likelihood of success on the merits because Garcia had no constitutional right to clemency or any particular procedures in the evaluation of his clemency request. Moreover, because Garcia had at most alleged a violation of Texas law and § 1983 provides a

---

[2] The Board has since voted not to recommend a commutation of sentence.

No. 18-70031

remedy only for violations of the Constitution and laws of the United States, the district court dismissed Garcia's complaint for failure to state a cognizable claim. *See* 28 U.S.C. § 1915A(b)(1). Garcia filed an appeal in this court and seeks a stay of his execution.

## II

Though we lack jurisdiction to consider a claim requesting that we order the Board to recommend clemency, we have jurisdiction to consider challenges to state clemency proceedings when the relief the party seeks "will not spell speedier release." *Young v. Gutierrez*, 895 F.3d 829, 831 (5th Cir. 2018) (finding jurisdiction over a challenge to state clemency proceedings that would "result only in a stay until [the § 1983 claimant] is afforded a clemency proceeding commensurate with the Constitution").

We review a district court's denial of a preliminary injunction for an abuse of discretion. *Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018). "Factual findings are reviewed for clear error, while legal conclusions are reviewed de novo." *Id.* (quoting *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017)). We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim de novo, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals. *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).

## III

"To obtain a preliminary injunction, a movant must establish: '(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.'" *Jones*, 880 F.3d at 759 (quoting *Byrum v. Landreth*, 566 F.3d 442,

No. 18-70031

445 (5th Cir. 2009)).  We agree with the district court that Garcia has failed to satisfy the first prong of this analysis.[3]

Garcia does not assert a constitutional entitlement to clemency, and it is well-established that no such right exists.  *See Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("[A]n inmate has 'no constitutional or inherent right' to commutation of his sentence." (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979))); *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280–82 (1998) (applying *Dumschat*'s reasoning to a death row inmate's petition for clemency).  Instead, Garcia asserts an entitlement under due process to minimal procedural safeguards in clemency proceedings.

In *Faulder v. Texas Board of Pardons and Paroles*, 178 F.3d 343 (5th Cir. 1999), we held that allegations that "the Board . . . violated state law and its own regulations" was not an example of the type of "extreme situation[]" that Justice O'Connor declared a potential constitutional violation in her concurring opinion in *Woodard*.  178 F.3d at 344–45 (citing *Woodard*, 523 U.S. at 289 (O'Connor, J., concurring)); *see also Tamayo v. Perry*, 553 F. App'x 395, 402 (5th Cir. 2014) (holding no procedural due process violation where Board members allegedly communicated with interested parties in violation of the Board's own rules).  Similarly, Garcia's argument that the Board's composition violates Texas law does not assert an arbitrary clemency proceeding akin to the flip of a coin or a complete denial of access to the clemency process.  *See Faulder*, 178 F.3d at 344 (citing *Woodard*, 523 U.S. at 289 (O'Connor, J., concurring)).  Garcia's allegations do not reflect the complete lack of process

---

[3] The district court also held and Appellees argue on appeal that the dilatory nature of Garcia's § 1983 action provides an alternative basis for denying his motion for a preliminary injunction.  Because we agree with the district court's conclusion that Garcia failed to show a substantial likelihood of success on the merits, we need not reach the district court's untimeliness ruling.

that we have held may violate the minimal due process protections that exist in the clemency context. *See id.* Accordingly, the district court did not err in denying Garcia's motion preliminary injunction.

For the same reason—because Garcia has not alleged a violation of the Constitution or laws of the United States—the district court correctly dismissed Garcia's § 1983 complaint on the merits. *See Sw. Bell Tel., LP v. City of Houston,* 529 F.3d 257, 260 (5th Cir. 2008) (noting that § 1983 "provides a remedy for the violation . . . of rights secured under the Constitution and laws of the United States" (quoting *Kirchberg v. Feenstra,* 708 F.2d 991, 1000 (5th Cir. 1983))).

**\*\*\***

For these reasons, we AFFIRM the district court's dismissal of Garcia's § 1983 action and denial of his motion for a preliminary injunction and dismissal of his § 1983 action with prejudice. Because Garcia is not entitled to an injunction or to succeed on the merits, we DISMISS his motion for stay of execution as moot.