# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2018

Lyle W. Cayce
Clerk

RHONDA FLEMING,

Petitioner-Appellant

v.

WARDEN JODY UPTON; DEPARTMENT OF JUSTICE; DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-989

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, federal prisoner # 20446-009, was convicted of various offenses relating to health care and wire fraud, and she is serving a 360-month sentence. She now appeals the denial of her 28 U.S.C. § 2241 petition, in which she asserted that her unsuccessful clemency proceedings resulted in a denial of her constitutional rights; that she is entitled to challenge the adverse ruling under the Administrative Procedures Act (APA); and that the enactment of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10116

Deferred Action for Parents of American and Lawful Permanent Residents (DAPA) entitles her to relief. The respondents have moved for dismissal, asserting that Fleming's appeal is frivolous. Although the respondents argue that Fleming's claims are not properly raised in habeas proceedings, she did request in the district court that she be released from custody, which sounds in habeas. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

The President is the only entity with the power to grant clemency for federal offenses. *Harbison v. Bell*, 556 U.S. 180, 187 (2009). Thus, to the extent that Fleming is asking the courts to order the President to award her clemency, we lack jurisdiction to do so. *See Young v. Gutierrez*, 895 F.3d 829, 831 n.6 (5th Cir. 2018). Fleming also argues that she was denied access to the clemency process, in violation of her due process and equal protection rights. Such a claim may warrant minimal procedural safeguards under the Due Process Clause. *See Faulder v. Texas Bd. of Pardons & Paroles*, 178 F.3d 343, 344 (5th Cir. 1999). However, Fleming was able to file an application for clemency, which was considered; she was not denied access to the process. *See id.* To the extent that a prisoner may raise an equal protection challenge to clemency proceedings, Fleming has not established that similarly situated individuals were treated differently. *See Young*, 895 F.3d at 831-32; *Sonnier v. Quarterman*, 476 F.3d 349, 367 (5th Cir. 2007). Fleming's Ex Post Facto challenge to the imposition by the Department of Justice of new criteria for clemency considerations is raised for the first time on appeal and will not be considered. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Additionally, Fleming is unable to show that she is able to proceed under the APA. Under this act, an individual suffering a legal wrong as the result of agency action or adversely affected by an agency action may obtain judicial review. 5 U.S.C. § 702. Fleming had no constitutional or statutory right to clemency. *See Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464-67 (1921).

No. 18-10116

We decline to consider Fleming's argument, raised for the first time on appeal, that the Department of Justice failed to comply with the APA's "notice and comment" requirements in creating new criteria for prisoners seeking clemency. *See Yohey*, 985 F.2d at 225.

Fleming's DAPA claim likewise does not warrant relief. Even if it may be assumed that the enactment of a policy relating to enforcement of the immigration laws would have any effect on her conviction years earlier, the policy was enjoined before it was implemented. *Texas v. United States*, 809 F.3d 134, 146 (5th Cir. 2015). Moreover, DAPA has since been rescinded. *See Texas v. United States*, 328 F. Supp. 3d 662, 672 (S.D. Tex. 2018).

As was asserted by the respondents, Fleming's appellate arguments are frivolous. Accordingly, the motion to dismiss is GRANTED, and Fleming's appeal is DISMISSED AS FRIVOLOUS.

This court previously warned Fleming "that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction." *United States v. Fleming*, 694 F. App'x 349, 349 (5th Cir. 2017). Despite this language, Fleming has filed another frivolous appeal. Accordingly, IT IS ORDERED that Fleming pay a monetary sanction of $100 to the clerk of this court. Further, Fleming is BARRED from filing in this court or any court subject to this court's jurisdiction any pleadings that challenge her convictions, sentence, or continued incarceration until the sanction is paid in full, unless she first obtains leave of the court in which she seeks to file such a pleading. Fleming is CAUTIONED that any future frivolous or repetitive filing in this court or any court subject to this court's jurisdiction will subject her to additional sanctions.