# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-70001

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2020

Lyle W. Cayce
Clerk

ABEL REVILLA OCHOA,

      Plaintiff - Appellant

v.

BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; MICHAEL BUTCHER, Warden,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 4:19-CV-04976

Before ELROD, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Abel Ochoa is scheduled to be executed on February 6, 2020. On January 21, 2020 he filed a motion in federal district court to stay his execution pending the resolution of claims he raised in a 42 U.S.C. § 1983 complaint filed in December 2019. The district court denied the motion to stay and determined

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-70001

that Ochoa could not satisfy even one of the four *Nken* factors. *Nken v. Holder*, 556 U.S. 418 (2009). Ochoa now appeals this denial and also seeks a stay in this court. We conclude that the district court did not abuse its discretion in denying Ochoa's motion to stay; for the same reasons, we will not grant his request for a stay. We AFFIRM the district court's denial and DENY Ochoa's motion to stay his execution.

I.

In August 2002, Abel Ochoa shot his wife, his nine-month-old daughter, his seven-year-old daughter, his father-in-law, and two of his sisters-in-law. All but one of the victims, one of his sisters-in-law, died. Ochoa was convicted of capital murder in Texas state court in 2003. On direct appeal, the Texas Court of Criminal Appeals (CCA) affirmed his conviction and sentence. *Ochoa v. State*, No. AP-79, 2005 WL 8153976, at *1 (Tex. Crim. App. Jan. 26, 2005). Ochoa then filed an application for habeas corpus in the state court in February 2005. The CCA denied state habeas relief. The CCA also denied Ochoa's subsequent *pro se* habeas application as an abuse of the writ under Texas Code of Criminal Procedure Article 11.071, Section 5. *Ex parte Ochoa*, No. WR-67,495-01, 2009 WL 2525740 (Tex. Crim. App. Aug. 19, 2009).

After his state applications failed, Ochoa filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. That application presented twenty-one claims, including violations of the Confrontation Clause, ineffective assistance of counsel, and jury selection and cross section claims. *Ochoa v. Davis*, No. 3:09-CV-2277-K, 2016 WL 5122107, at *2 (N.D. Tex. Sept. 21, 2016). The district court determined that each of Ochoa's claims were unexhausted, procedurally defaulted, or meritless and denied his application. *Id.* at *2–3. Ochoa then sought a certificate of appealability (COA) from this court. Of the twenty-one claims presented to the district court, Ochoa sought a COA on only three issues: the alleged shackling, unconstitutional *voir dire,* and the denial

2

No. 20-70001

of funding under 18 U.S.C. § 3599. This court denied Ochoa's application for a COA and affirmed the denial of funds under § 3599(f). *Ochoa v. Davis*, 750 F. App'x 365 (5th Cir. 2018).

On December 23, 2019, Ochoa filed a civil-rights action under § 1983 against Texas prison officials regarding a request to bring a videographer into prison to film an interview to use in the state clemency process. He asserts that "the denial of a filmed interview interferes with [his] access to courts and access to counsel, violated his rights under 18 U.S.C. § 3599, and denies him due process of law." Ochoa's civil complaint asks the district court to "(1) order the Defendants to allow the filmed interview; (2) enjoin the Defendants from executing [Ochoa] during the pendency of this lawsuit; (3) declare unconstitutional prison policies that allegedly favor access to media over that of an inmate's attorneys; (4) enjoin the Defendants from creating or enforcing policies that favor media; and (5) create new accommodations for the videotaping of inmates." On January 9, 2020, the parties submitted that they had reached a reasonably agreeable solution that would permit Ochoa's videotaped interview to occur on January 13, 2020. That interview occurred.

Ochoa is scheduled for execution on February 6, 2020. On January 21, 2020, Ochoa filed an opposed motion in the district court to stay his execution pending the resolution of the remainder of his § 1983 lawsuit. The district court denied Ochoa's motion for a stay of execution because it determined "that Ochoa had not met any of the factors required for staying an execution."

## II.

There are two matters now before this court. Ochoa's appeal of the district court's denial of his motion to stay and Ochoa's motion for this court to stay his execution. We AFFIRM the district court's denial and DENY Ochoa's request to stay his execution.

3

No. 20-70001

This court reviews a district court's decision to deny a stay of execution for an abuse of discretion. *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Id.* (alternation in original) (quoting *Green v. Thaler*, 699 F.3d 404, 411 (5th Cir. 2012)).

A court considers four factors when deciding whether to stay an execution: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 433–34. Federal courts "'can and should' protect settled state judgments from 'undue interference' by invoking their 'equitable powers' to dismiss or curtail suits that are pursed in a 'dilatory' fashion or based on 'speculative' theories." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) (quoting *Hill v. McDonough*, 547 U.S. 573, 584–85 (2006)).

The district court concluded that each factor weighed heavily in the State's favor. Ochoa challenges this conclusion on appeal. While he discusses each of the four factors, he focuses on the district court's conclusion that his claims were unlikely to succeed on the merits.

A.

The district court concluded that Ochoa's claims were unlikely to succeed on the merits because "[t]he January 13, 2020, videotaped interview mooted much of Ochoa's lawsuit," and there are "serious procedural defects" and "substantive weaknesses" in Ochoa's non-mooted claims. Ochoa disputes the conclusion that his non-mooted claims suffer from procedural defects or are substantively weak.

The district court held that Ochoa's case was unlikely to succeed on the merits because it suffered from procedural defects as argued by the State. The

No. 20-70001

State maintains that Ochoa's entire case is moot. But even if it is not moot, the State argues that Ochoa lacks standing to challenge the prison procedures and improperly seeks mandamus relief. We agree with the State and district court that Ochoa's claims suffer from procedural defects.

The district court likely lacks jurisdiction because Ochoa cannot present an injury in fact. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Ochoa filed his § 1983 lawsuit prior to the filing of his application for clemency. In *Sepulvado v. La. Bd. of Pardons & Parole*, this court held that a plaintiff lacked standing to bring suit "[b]ecause, prior to filing this action, [the petitioner] had not filed an application for clemency, his claims of injury based on any alleged constitutional defects in the clemency process were speculative." 114 F. App'x 620, 621 (5th Cir. 2004) (unpublished). Ochoa attempts to get around any jurisdictional defects by arguing that this case is "capable of repetition yet evading review" but he has not made the requisite showing that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Turner v. Rodgers*, 564 U.S. 431, 439–40 (2011) (alterations in original) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

Further, Ochoa improperly seeks mandamus relief. He asks the district court to order the prison to create new policies or accommodations that grant counsel as much access to inmates as media. But, federal courts do not have jurisdiction to issue the writ against a state actor or state agencies. *Moye v. Clerk, Dekalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).

The district court also discussed various substantive weakness in Ochoa's claims: (1) no authority incorporates a constitutional right to present videotaped evidence into a State's clemency process; (2) counsel's representation in this instance is not constitutionally guaranteed but afforded

5

No. 20-70001

by statutory law, therefore the limitations on videotaping do not offend Ochoa's right to counsel; (3) Ochoa has experienced no deprivation of access to the courts; (4) only limited and narrow due process guarantees govern a State's clemency proceedings; and (5) differences between access of the media and attorneys to prison inmates are not a matter of constitutional dimension. Ochoa contests these conclusions on appeal, but still fails to tie his right to videotape an interview to submit to the Clemency Board to any constitutional right. Establishing this constitutional right is crucial to Ochoa's success.

We agree with the district court that Ochoa's claims are unlikely to succeed on the merits because they are procedurally defaulted and substantively weak. We hold the district court did not abuse its discretion by finding Ochoa has not satisfied the first *Nken* factor.

B.

While the "inability to establish a likelihood of success on the merits is, effectively, dispositive of the motion to stay," the district court also concluded that the remaining factors weighed heavily against Ochoa. *Crutsinger v. Davis*, 930 F.3d 705, 707 (5th Cir. 2019) (citing *Adams v. Thaler*, 679 F.3d 312, 350 (5th Cir 2012)). Ochoa challenges the district court's conclusions on each remaining factor.

The second factor is "whether the applicant will be irreparably injured absent a stay." *Nken*, 556 U.S. at 433–34. The district court concluded that even if Ochoa's civil claims had merit, the "policies no longer pose any concern for him individually" because the State "already accommodated his request for a videotaped interview." Therefore, it concluded that Ochoa could not establish an irreparable injury.

Ochoa argues that his execution is an irreparable injury regardless of the merits and its relativity to the § 1983 lawsuit. He cites this court's precedent, which says that "in a capital case, the possibility of irreparable

6

injury weighs heavily in a movant's favor." *Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016) (quoting *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982)). However, the cited case qualifies that statement with "especially when his claim has some merit." *Id.* We have established that Ochoa's case is unlikely to succeed on the merits. But even more importantly, Ochoa admits that his § 1983 claim is not challenging his conviction or sentence. Ochoa also admits that he already received the substantive relief sought by the lawsuit— a filmed interview to be used in his clemency application. His pending § 1983 claim is now not just unlikely to succeed on the merits, but unrelated to his impending execution. He cannot argue he would be irreparably harmed by this court failing to stay his execution pending the outcome of his § 1983 lawsuit, as the outcome of that case has no bearing on whether he would be executed. The district court did not abuse its discretion in finding that he was unable to establish irreparable harm.

The two remaining *Nken* factors, whether a stay would injure the other parties in the proceeding and where the public interest lies, also cut in the State's favor. The district court found that a stay would prejudice Texas because it has a "strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Crutsinger v. Davis*, 936 F.3d 265, 273 (5th Cir. 2019) (citations and internal quotations omitted). Ochoa asserts that Texas is not harmed because "Ochoa's suit does not attack the constitutionality of his conviction or sentence, so he does not argue that he is ineligible for the death penalty." While Ochoa argues that Texas will not be harmed by a delay because when the lawsuit is over they could proceed with the execution, he overlooks the fact that states have a strong interest in enforcing their valid judgments without delay or undue interference from our court.

No. 20-70001

As to the public interest, the district court concluded that Ochoa's § 1983 case was a delay tactic to prevent the state from carrying out its valid judgment. And the Supreme Court has explained that "[p]rotecting against abusive delay is an interest of justice." *Martel v. Clair*, 565 U.S. 648, 662 (2012) (emphasis omitted). While Ochoa argues that he has not brought his § 1983 claim simply to delay his execution, he admits that he does not challenge the validity of the State's judgment.

## III.

Ochoa has not carried his burden to demonstrate that any of the *Nken* factors weigh in favor of granting the stay. Therefore, the district court did not abuse its discretion in denying Ochoa's motion for stay of his execution. Likewise, because we conduct the same analysis for stays requested in our court, he is not entitled to a stay in this court. We AFFIRM the district court's denial of a stay of execution and DENY his motion to stay.