# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2011

Lyle W. Cayce
Clerk

No. 10-10824
Summary Calendar

BOBBY ZIDELL,

Plaintiff-Appellant,

versus

GORDEN KANAN, M.D.; BUTCH TUBERA, M.D., C.D.; EDDIE QUEZA;
MIKE KESSLER; WILFREDO FELICIANO,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-106

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Bobby Zidell, federal prisoner # 16228-077, appeals the dismissal of his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Bivens*[1] action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Zidell complains that the defendants exhibited deliberate indifference to his health and safety in violation of the Eighth Amendment.  He also appeals the denial of his request for a preliminary injunction and temporary restraining order.

We review *de novo* the dismissal of a lawsuit pursuant to § 1915A, applying the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6).  *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."  *Bazrowx*, 136 F.3d at 1054.  Where a district court has dismissed a *pro se* complaint without opportunity to amend, we consider whether the plaintiff's "allegations, if developed by a questionnaire or in a *Spears*[2] dialogue, might have presented a nonfrivolous . . . claim."  *Id.*  If, "[w]ith further factual development and specificity" the plaintiff's "allegations may pass . . . muster," we will remand for the prisoner to have "an opportunity . . . to offer a more detailed set of factual claims."  *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994).

To state a claim for unconstitutional denial of medical treatment, a convicted prisoner must show that the medical care was denied or delayed and that the denial or delay constituted deliberate indifference to his serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).  A

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

"plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (internal quotation marks and citation omitted).

Although Zidell makes allegations of negligence, which do not constitute an Eighth Amendment violation, he also claims that the defendants "intentionally ignored his repeated requests for medical care or ignored a medical order to be in a wheelchair room." He further contends that as a result of the defendants' actions, he suffered with a fractured foot for two months and developed problems with his right foot that may lead to amputation of a toe. Liberally construed, Zidell's allegations present a viable claim of deliberate indifference to his serious medical needs. *See Farmer*, 511 U.S. at 847; *Domino*, 239 F.3d at 755; *see also Thompkins v. Belt*, 828 F.2d 298, 301 (5th Cir. 1987). Given that the district court never afforded Zidell an opportunity to amend his complaint or conduct a *Spears* hearing, the court abused its discretion in dismissing Zidell's action for failure to state a claim upon which relief may be granted. *See Bazrowx*, 136 F.3d at 1054; *Parker v. Forth Worth Police Dep't*, 980 F.2d 1023, 1025-27 (5th Cir. 1993).

Thus, the judgment dismissing Zidell's *Bivens* action is VACATED and REMANDED for further proceedings. Because the district court's decision denying injunctive relief rests on its conclusion that Zidell failed to state a claim, that issue is also VACATED and REMANDED. The denial of a temporary restraining order is not appealable, so the appeal as to that matter is DISMISSED. *See In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). We express no view on how the district court should rule on remand.