# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2018

Lyle W. Cayce
Clerk

CARL DAVID JONES,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; BRAD LIVINGSTON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; BRIAN COLLIER, Deputy Executive Director, Texas Department of Criminal Justice; ROBERT JAY EASON, Deputy Executive Director, Correctional Institution Division; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Carl David Jones, Texas prisoner # 1517939, appeals the magistrate judge's denial of his motion for a preliminary injunction.[1] In July 2016, Jones filed a pro se complaint under 42 U.S.C. § 1983, asserting that prison officials exhibited deliberate indifference to his serious medical needs in violation of the

---

[1] In his notice of appeal, Jones also appeared to challenge the magistrate judge's denial of a temporary restraining order. However, we lack jurisdiction to review the denial of a temporary restraining order. *Faulder v. Johnson,* 178 F.3d 741, 742 (5th Cir. 1999).

No. 17-10302

Eighth Amendment.  Among other things, Jones alleged that he was prescribed a special diet due to his diabetes and that he suffered a stroke on April 3, 2016. Jones further alleged that his prison was placed on a routine lockdown from April 3, 2016, to April 22, 2016, and that, during the lockdown, the food service manager at his prison, Captain Greg Cruise, discontinued his prescribed diet and replaced it with a "sugar based diet."  Jones claimed that he sent "numerous written complaints" to Cruise and other personnel, to no avail.  He alleged that, after his "blood sugar levels registered above 500," he attempted to file an official grievance with prison authorities, but his form was returned to him after it was deemed "redundant," and he was told that if he attempted to file it again, "he would not get it back."  According to Jones, on April 20, 2016, he suffered a heart attack.

Pertinent to the instant appeal, on August 2, 2016, Jones also filed a motion for a preliminary injunction.  In his motion, Jones provided additional allegations.  He stated that on July 15, 2016, his prison was again placed on lockdown following the assault of a corrections officer and that the facility remained on lockdown at the time he filed his motion.  Jones further alleged that prison officials again cancelled his prescribed diet, forcing him to consume high-sugar meals up to four times a day, contrary to the orders of Dr. Robert Martin, his unit physician.  He specifically alleged that the prison staff's interference with his prescribed dietary regimen "results in higher blood sugar levels" and "exposes [him] to another stroke or heart attack, or other diabetic complications and consequences that are life threatening."  Jones additionally averred that the deprivation of his prescribed diet forced him to inject more insulin to lower his blood-sugar level, thus exposing him to a risk of serious physical injuries in the event his blood-sugar level drops too rapidly.

2

No. 17-10302

A magistrate judge denied Jones's motion for a preliminary injunction, without holding an evidentiary hearing or requesting a response from the defendants.[2] Jones filed a timely notice of appeal.  In his brief on appeal, Jones added that, on March 13, 2017, prison officials again placed his unit on a routine lockdown and "resumed the administrative practice that resulted in the improper cancellation of [his] medical treatment plan."

We review the denial of a preliminary injunction for an abuse of discretion.  *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).  "Factual findings are reviewed for clear error, while legal conclusions are reviewed de novo."  *Id.*  To obtain a preliminary injunction, a movant must establish:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (quoting *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006)).

The magistrate judge, taking Jones's allegations as true, found that he had failed to set forth facts sufficient to establish a likelihood of success on the merits.  The magistrate judge concluded that, at most, the allegations might establish negligence on the part of prison officials but that they cannot establish deliberate indifference.  The magistrate judge further found that Jones had failed to allege harm that amounts to irreparable injury requiring immediate injunctive relief and that it was "improbable that Jones could establish that the grant of an injunction would not disserve the public interest."

---

[2] Jones consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c).

3

No. 17-10302

"We construe pro se pleadings liberally." *Brunson v. Nichols*, 875 F.3d 275, 277 (5th Cir. 2017) (cleaned up).  In order to establish a likelihood of success on the merits of his Eighth Amendment claims, Jones must show a likelihood that substituting high-sugar meals for his prescribed diet amounted to deliberate indifference to his serious medical needs.  *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  A plaintiff must show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

Construed liberally, Jones's pleadings allege a pattern of knowing interferences with prescribed medical care for his diabetes, despite his multiple complaints and his official grievance, which were all essentially ignored. Contrary to the magistrate judge's conclusion, such conduct cannot be characterized as mere negligence.  Rather, these allegations are sufficient to state a claim for deliberate indifference to serious medical needs.  *See id; see also Zidell v. Kanan*, 428 F. App'x 426, 427 (5th Cir. 2011) (intentionally ignoring "repeated requests for medical care" or ignoring a "medical order to be in a wheelchair room," caused the prisoner to fracture his foot, constitutes deliberate indifference to serious medical needs).  Thus, taking the allegations as true, Jones has shown a sufficient likelihood of success on the merits.

We also cannot accept the magistrate judge's conclusion that Jones had failed to allege a substantial threat of irreparable injury.  Jones alleges that prison officials continually deprive him of necessary medical care for diabetes.

4

No. 17-10302

Liberally construing his pleadings, he alleges that he has already suffered a stroke and a heart attack as a result of his medical condition. He further asserts that the substitution of his prescribed diet with sugary meals causes him to have dangerously high blood-sugar levels and requires him to inject more insulin, thereby also exposing him to the risk that his blood-sugar level drop too rapidly. He therefore asserts that if the deprivations of his prescribed diet continue, he is liable to suffer additional strokes, heart attacks, and other life-threatening diabetic complications. Jones's account of the risks he faces is currently undisputed, as the defendants have not been asked to respond to his allegations. These allegation establish a sufficient risk of irreparable harm in the absence of injunctive relief. *See Scinto v. Stansberry*, 841 F.3d 219, 228–29 (4th Cir. 2016), *cert. denied sub nom. Phillip v. Scinto*, No. 16-1545, 2017 WL 2734638 (U.S. Nov. 13, 2017) (increase in blood sugar presents a substantial risk of serious injury).

Finally, the magistrate judge's conclusion that it is "improbable that Jones could establish that the grant of an injunction would not disserve the public interest" is without basis in the record. Absent a response by the defendants attesting to any substantial difficulty that would ensue from ensuring that Jones continues to receive his prescribed diet, the courts cannot simply assume that providing necessary medical care to a prisoner would be too much of an inconvenience to prison authorities.

Accordingly, we VACATE the magistrate judge's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion.