# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40862
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2019

Lyle W. Cayce
Clerk

KENNETH RANDALL WITHERS,

Plaintiff-Appellant

v.

ROGER SOLOWAY, Medical Doctor; MONICA PICKTHALL; KEVIN JOHN
HANCOCK, Medical Doctor; SHARAD SHARMA, Medical Doctor; JOHN AND
JANE DOE,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:17-CV-119

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Kenneth Randall Withers, Texas prisoner # 687233, proceeding pro se
and in forma pauperis, filed a 42 U.S.C. § 1983 complaint alleging that the
appellees were deliberately indifferent to his serious medical needs by denying
him appropriate treatment for his Hepatitis C virus (HCV), and denying him
surgery to repair his umbilical hernia, while in the custody of the Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-40862

Department of Criminal Justice (TDCJ).  The district court granted summary judgment in favor of the appellees and dismissed Withers's § 1983 complaint with prejudice.   As this appeal presents no exceptional circumstances warranting the appointment of appellate counsel, Withers's motion for the appointment of counsel is DENIED.

We review the district court's grant of summary judgment de novo.  *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  We may affirm on any ground supported by the record.  *Jones v. Lowndes County*, 678 F.3d 344, 348 (5th Cir. 2012).

There is no competent summary judgment evidence that any of the defendants, named or unnamed, refused to treat Withers, ignored his complaints, intentionally treated him incorrectly, or engaged in any conduct that would clearly evince a wanton disregard for his serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  To the contrary, the summary judgment evidence shows that Physician Assistant (P.A.) Pickthall and the Doe defendants, consistent with the TDCJ's HCV policy and professional treatment guidelines, treated Withers in a HCV chronic care clinic while he was in TDCJ custody, that his HCV was monitored and evaluated periodically through chronic care visits and medical testing, and that Withers received HCV treatment with direct-action antiviral (DAA) drugs.  Although Withers cites other guidelines in the record that he contends supported further treatment, he fails to show a dispute amounting to anything more than a disagreement regarding medical treatment.  He thus fails to show error in the summary judgment dismissal of his claims of deliberate indifference by Pickthall and the Doe defendants, given his failure to set forth exceptional circumstances.  *See id.*

No. 18-40862

Because Dr. Soloway treated Withers for gastrointestinal complaints and had no personal involvement with his treatment in the HCV Clinic, the district court did not err in granting summary judgment to Dr. Soloway. *See Perniciaro v. Lea*, 901 F.3d 241, 258-59 (5th Cir. 2018); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). The record also supports the district court's determination that Withers's claims against Dr. Hancock and Dr. Sharma was a difference of opinion regarding his medical treatment. *See Gobert,* 463 F.3d at 346. Withers does not point to any summary judgment evidence showing that, after they saw Withers for surgical consultation, Dr. Hancock or Dr. Sharma was personally involved with his treatment. *See Perniciaro*, 901 F.3d at 258-59.

Withers argues that the Equal Protection Clause requires that TDCJ treat all prisoners with HCV with DAA medications. He does not allege facts that would show that he was denied equal treatment that was given to a similarly situated prisoner without a rational basis or for an improper motive, and the district court did not err in granting summary judgment on Withers's equal protection claim. *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993). Although Withers argues that the defendants do not have Eleventh Amendment immunity in their official capacities for injunctive and declaratory relief, because, as set forth above, the summary judgment dismissal of his claims regarding the alleged denial of medical care was proper, the denial of injunctive and declaratory relief was likewise proper. *See Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759-60 (5th Cir. 2018).

AFFIRMED.