# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2023

Lyle W. Cayce
Clerk

————————

No. 20-10059

————————

GEORGE ANIBOWEI,

*Plaintiff—Appellant*,

*versus*

MARK A. MORGAN, *Acting Commissioner of U.S. Customs and Border Protection, in his official capacity*; MERRICK GARLAND, *U.S. Attorney General*; ALEJANDRO MAYORKAS, *Secretary, U.S. Department of Homeland Security*; TAE D. JOHNSON, *Acting Director, U.S. Immigration and Customs Enforcement*; DAVID PEKOSKE, *in his official capacity as Administrator of* THE TRANSPORTATION SECURITY ADMINISTRATION; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TRANSPORTATION SECURITY ADMINISTRATION,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-3495

————————————————————

Before RICHMAN, *Chief Judge*, and KING and ENGELHARDT, *Circuit Judges*.

PRISCILLA RICHMAN, *Chief Judge*:

No. 20-10059

George Anibowei alleges that government agents searched his cell phone at the border without a warrant on at least five occasions, and that agents copied data from his cell phone at least once. Anibowei sued the U.S. Department of Homeland Security (DHS), U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), the Transportation Security Administration (TSA), and the respective heads of each entity in their official capacity (collectively, the government), challenging the searches, as well as ICE and CBP policies regarding border searches of electronic devices. In the district court, Anibowei filed a motion seeking, among other relief, a preliminary injunction preventing the government from searching his cell phone at the border without a warrant. The district court denied the preliminary injunction. Because Anibowei failed to demonstrate a substantial threat he will suffer irreparable injury if the injunction is not granted, we affirm.

## I

George Anibowei is a naturalized citizen of the United States and an attorney in Texas. As an attorney, Anibowei primarily represents immigrants in removal proceedings adverse to DHS. In October 2016, Anibowei was traveling back to the United States from abroad. Upon landing in Dallas, ICE agents, along with DHS investigators, searched Anibowei's cell phone and copied data from the phone. The agents did not have a warrant for the search. Anibowei believes that the government continues to retain his data.

In the years following the incident, Anibowei alleges that border agents searched his cell phone without a warrant at least four additional times. During these searches, Anibowei witnessed border agents view his text messages and other communications, and claims that it is possible agents viewed his email. Anibowei does not explicitly assert that border agents copied data from his cell phone during the additional four searches.

2

No. 20-10059

However, he claims that it is "virtually certain that [border agents] viewed and copied privileged communications between Mr. Anibowei and his clients" at least once.

Anibowei first brought suit against the government defendants in 2016. Acting pro se, Anibowei argued that the October 2016 search and continued retention of his data violated the First and Fourth Amendments. The district court granted a motion to dismiss and gave Anibowei leave to replead his claims. Following the dismissal, Anibowei retained counsel and filed a verified second amended complaint. In his complaint, Anibowei challenges the October 2016 search and the four additional searches. Anibowei also challenges ICE and CBP policies that govern searches of electronic devices at the border. Both policies authorize warrantless cell phone searches, including searching and retaining the digital contents of a cell phone.[1] Anibowei argues that the policies and searches are unconstitutional because the Fourth Amendment requires the government to obtain a warrant before searching a cell phone at the border, or in the alternative, because the Fourth Amendment at least requires reasonable suspicion.

Anibowei filed a motion seeking either partial summary judgment or a preliminary injunction. Anibowei argued that the district court should grant summary judgment and vacate the ICE and CBP policies because the policies authorize cell phone searches at the border without a warrant supported by probable cause, or without reasonable suspicion. In the alternative, Anibowei

---

[1] *See generally* Customs and Border Control Directive No. 3340-049A (Jan. 4, 2018), https://www.cbp.gov/sites/default/files/assets/documents/2018-Jan/CBP-Directive-3340-049A-Border-Search-of-Electronic-Media-Compliant.pdf; Immigration and Customs Enforcement Directive No. 7-6.1 (Aug. 18, 2009), https://www.dhs.gov/xlibrary/assets/ice_border_search_electronic_devices.pdf.

sought a preliminary injunction to prevent the government from enforcing the ICE and CBP policies against him, and to force the government to return or destroy the data copied from his cell phone.

Anibowei filed the motion for summary judgment or preliminary injunction prior to the government's deadline to respond to Anibowei's second amended complaint. Accordingly, as the district court noted, the government "had no obligation (or opportunity) to deny the allegations of the second amended complaint." The district court noted the "somewhat unusual procedural posture" of the case, acknowledging that typically a plaintiff would develop the record prior to moving for a preliminary injunction or summary judgment. Instead, "only a thin record (i.e., the second amended complaint) [was] developed" for Anibowei's motion.

The district court denied Anibowei's motion for summary judgment or preliminary injunction. First, the court denied summary judgment because "no decision of the Supreme Court or of the Fifth Circuit imposes" a probable cause or warrant requirement for border searches. The district court "decline[d] to reach the question whether the [ICE and CBP policies] are unconstitutional . . . on the ground that they permit the search and seizure of cell phone data at the border without reasonable suspicion," because the court concluded that Anibowei's counsel "eschewed reliance on a reasonable suspicion-based argument" at oral argument.

The district court also concluded that Anibowei failed to establish that he was entitled to a preliminary injunction. The court reasoned that, even if it "accept[ed] the allegations of the second amended complaint as evidence, the evidence is insufficient to satisfy all four of the essential elements for obtaining a preliminary injunction." Accordingly, the district court denied the motion for a preliminary injunction.

No. 20-10059

Following the district court's order, the government filed an answer to Anibowei's second amended complaint. In that answer, the government admitted that border agents searched Anibowei's cell phone without a warrant during the October 2016 search. Anibowei then filed this appeal.

## II

We first address Anibowei's motion for preliminary injunction. "The decision to grant or deny a preliminary injunction lies within the discretion of the district court and may be reversed on appeal only by a showing of abuse of discretion."[2] "[A] preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[3] The movant must establish four elements:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.[4]

"Each element of the injunction analysis typically involves questions of fact and of law."[5] We review a district court's factual findings for clear error.[6]

---

[2] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

[3] *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

[4] *Id.* at 572.

[5] *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (citing *Apple Barrel*, 730 F.2d at 386).

[6] *Apple Barrel*, 730 F.2d at 386 (citing Fed. R. Civ. P. 52(a)).

No. 20-10059

"The court's conclusions of law, however, 'are subject to broad review and will be reversed if incorrect.'"[7]

We conclude that Anibowei failed to establish a substantial threat that he will suffer irreparable injury if an injunction is not granted. A plaintiff seeking a preliminary injunction must "demonstrate that irreparable injury is *likely* in the absence of an injunction."[8] Irreparable injury is "harm for which there is no adequate remedy at law."[9] "[I]t is not necessary to demonstrate that harm is inevitable and irreparable[;] [t]he plaintiff need show only a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm."[10]

Anibowei argues that he "faces two distinct irreparable harms." First, he argues that "he is suffering ongoing irreparable injury because his private information and his confidential attorney-client communications are currently in the government's possession as the result of an unconstitutional search and seizure." Second, Anibowei argues that he faces "irreparable injury each time he travels internationally by being subject to warrantless searches of his cell phone." Anibowei's evidence, consisting solely of his verified second amended complaint, is insufficient to demonstrate that either alleged harm justifies a preliminary injunction.

---

[7] *Id.* (quoting *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 304 (5th Cir. 1982)).

[8] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

[9] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

[10] *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986) (footnotes omitted).

No. 20-10059

## A

Anibowei has not offered sufficient evidence to establish that the government's alleged retention of his data causes him irreparable injury. Anibowei argues that he is suffering ongoing irreparable harm because "during its warrantless October 2016 search of his cell phone the [g]overnment copied and retained highly sensitive personal information from Mr. Anibowei's cell phone, including *attorney-client privileged* information." The government admits "that an advanced search was performed of Anibowei's cell phone on one occasion, and that information from Anibowei's cell phone was downloaded and eventually retained as a result of the advanced search." Still, Anibowei fails to establish that the government's retention of his information constitutes irreparable harm.

Government retention of unlawfully seized property is not sufficient, standing alone, to establish irreparable injury. In a related context, Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[11] In addition to showing that the property was seized unlawfully, this court requires "a substantial showing of irreparable harm" before a court can order the suppression of seized evidence.[12] The irreparable-harm requirement would be rendered meaningless if retention of unlawfully seized property was per se an irreparable injury. To establish irreparable injury, Anibowei cannot solely rely on the fact that the government retained his information. Instead,

---

[11] Fed. R. Crim. P. 41(g).

[12] *United States v. Search of L. Off., Residence & Storage Unit Alan Brown*, 341 F.3d 404, 413-14 (5th Cir. 2003).

No. 20-10059

Anibowei must specifically show how the government's retention of his seized information causes him harm.

To that end, Anibowei argues that the government's retention of attorney–client privileged information causes "serious harm to him personally and to his clients." However, even if the retention of attorney-client privileged information constitutes irreparable harm, Anibowei's scant and circumstantial evidence is insufficient to establish that the government copied and retained attorney–client privileged information from his cell phone.

This court's decision in *United States v. Search of Law Office, Residence & Storage Unit Alan Brown*[13] is instructive. In *Brown*, the federal government seized documents from an attorney's law offices.[14] The attorney requested that the court order the seized property returned under Federal Rule of Criminal Procedure 41(e), the predecessor to Rule 41(g), alleging that the documents were illegally seized.[15] The district court concluded that the attorney was entitled to all of the seized property and the government should not be allowed to retain copies or make any use of the evidence.[16] In order to establish that he was irreparably harmed by the government's retention of the documents, the attorney argued that the government seized attorney–client privileged documents.[17] This court noted that the government had given the attorney "constant access to the records since their seizure."[18]

---

[13] 341 F.3d 404 (5th Cir. 2003).

[14] *Id.* at 407.

[15] *Id.*

[16] *Id.* at 408.

[17] *Id.* at 414.

[18] *Id.*

Despite this access, the attorney failed to "ma[k]e any effort to identify specific privileged documents in the hands of the government or provide a legal basis for asserting a particular privilege."[19]  Nor did the attorney "indicate the amount of privileged documents the government" seized.[20]  Instead, this court concluded that the attorney's argument "consisted of vague allegations that the government viewed extensive amounts of privileged information during the search of his law office and after the documents' seizure."[21]  Without "proof substantiating these assertions," this court held that the attorney's claims were insufficient "to prove irreparable injury warranting the drastic relief granted by the district court."[22]

Anibowei's allegations are similarly insufficient.  Anibowei's allegations are conclusory.  He generally argues that because the government copied some information from his work phone during the October 2016 search, "it is virtually certain that [border agents] viewed and copied privileged" information.  Anibowei's phone was returned to him after the October 2016 search.  Anibowei has knowledge and access to the information that could have been copied by the government.  As the government correctly observes, "[i]f there was some specific information present, the copying of which resulted in irreparable harm, Anibowei could have provided evidence to the district court of what this information was and how its copying and retention by the government specifically harmed him."  Anibowei has not done so.  Without any evidence regarding what information was seized from

---

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

No. 20-10059

Anibowei's cell phone, or evidence addressing whether the allegedly seized information is subject to attorney–client privilege, Anibowei cannot establish that he is suffering irreparable injury due to the government's retention of information from his cell phone.

**B**

Anibowei's evidence is similarly insufficient to establish that he is likely to suffer irreparable injury in the form of an unlawful search of his cell phone at the border in the future. Anibowei argues that he faces "irreparable injury each time he travels internationally by being subject to warrantless searches of his cell phone." He contends that his constitutional rights will likely be violated in the future "[b]ecause government agents have searched him nearly every time he has traveled internationally since 2017."

Anibowei's argument is reliant on his contention that a warrantless search of a cell phone at the border is unconstitutional. This circuit has never recognized a warrant requirement for any border search.[23] Nevertheless, assuming arguendo that a warrantless search of Anibowei's cell phone at the border would violate his constitutional rights, the district court did not abuse its discretion in determining that Anibowei's evidence is insufficient to establish it is likely that he will be subject to a warrantless search in the future.

Anibowei has demonstrated that the ICE and CBP policies authorize warrantless searches. Further, the allegations in Anibowei's verified complaint are evidence of a pattern of warrantless searches of Anibowei's cell phone. However, Anibowei has no additional evidence to establish that he will be stopped by border agents in the future and that the agents will search his cell phone without a warrant. Given that the only evidence before the

---

[23] *United States v. Molina-Isidoro*, 884 F.3d 287, 294 (5th Cir. 2018) (COSTA, J., specially concurring).

No. 20-10059

district court was Anibowei's verified complaint, the district court did not abuse its discretion in determining that Anibowei failed to demonstrate it was likely he would suffer future violations of his Fourth Amendment rights.

This court affirms the denial of a preliminary injunction if "the movant has failed sufficiently to establish *any one* of the four criteria."[24] Because Anibowei failed to demonstrate that it is likely he would suffer irreparable injury absent an injunction, we affirm the district court's denial of the preliminary injunction. Accordingly, we need not separately address whether Anibowei established the other criteria.

### III

In addition to challenging the denial of a preliminary injunction, Anibowei asks this court to review the district court's denial of summary judgment. Although Anibowei's notice of appeal includes the summary judgment issue,[25] this court does not automatically have jurisdiction over that issue. Unlike the denial of a preliminary injunction, the denial of a summary judgment motion is not an appealable interlocutory order.[26] Instead, this court has "discretion to exercise pendent [appellate] jurisdiction."[27] As this court has explained,

> Beyond the limited right to an interlocutory appeal, the ability to enjoy pendent appellate jurisdiction is carefully

---

[24] *Black Fire Fighters Ass'n of Dall. v. City of Dall.*, 905 F.2d 63, 65 (5th Cir. 1990) (per curiam).

[25] *See Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 565 (5th Cir. 2003) (holding that a notice appealing from an order included issues resolved in the order that were not expressly referenced in the notice of appeal).

[26] *Byrum v. Landreth*, 566 F.3d 442, 449 (5th Cir. 2009) (citing *Meza v. Livingston*, 537 F.3d 364, 366 (5th Cir. 2008)).

[27] *Finch*, 333 F.3d at 565.

No. 20-10059

circumscribed. The Supreme Court has recognized two exceptions to the bar on court-created interlocutory appeals: (1) If the pendent decision is "inextricably intertwined" with the decision over which the appellate court otherwise has jurisdiction, pendent appellate jurisdiction may lie, or (2) if "review of the former decision [is] necessary to ensure meaningful review of the latter."[28]

Anibowei argues that this court should exercise pendent appellate jurisdiction because the preliminary injunction and summary judgment rulings concern the same merits question—namely, "whether a warrant is generally required for border agents to search an individual's cell phone." However, this court does not have pendent appellate jurisdiction over a denial of summary judgment merely "[b]ecause the summary judgment ruling, like the preliminary injunction test for success on the merits, turns on the [same legal issue]."[29]

In *Byrum v. Landreth*,[30] this court considered whether it had pendent appellate jurisdiction over a motion for summary judgment when a motion for preliminary injunction was also before the court.[31] Although the summary judgment motion involved the same underlying merits issue as the preliminary injunction, the court declined to exercise pendent appellate jurisdiction.[32] The court reasoned that exercising pendent appellate jurisdiction was inappropriate because the court was able to "review[] the

---

[28] *Escobar v. Montee*, 895 F.3d 387, 391 (5th Cir. 2018) (alteration in original) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995)).

[29] *Byrum*, 566 F.3d at 450.

[30] 566 F.3d 442 (5th Cir. 2009).

[31] *Id.* at 449.

[32] *Id.* at 449-51.

injunctive order without reaching a dispositive ruling on the [shared merits] claim."[33]

Because we can review the district court's denial of preliminary injunction without reaching a dispositive ruling on Anibowei's underlying Fourth Amendment claim, this court does not have pendent appellate jurisdiction over the district court's denial of summary judgment.

*    *    *

For these reasons, the district court's denial of Anibowei's motion for preliminary injunction is AFFIRMED.

---

[33] *Id.* at 450.