# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-20698
Summary Calendar

KRISTOFER THOMAS KASTNER

Plaintiff-Appellant

v.

STATE OF TEXAS; HARRIS COUNTY TEXAS; TOMMY THOMAS;
SAULO AGUILAR, Individually and as Harris County Detention Officer;
MICHAEL LECOMPTE, Individually and Harris County Deputy;
M REYNAUD, Individually and as Harris County Deputy badge number 3003

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2855

Before JONES, Chief Judge, and GARZA and PRADO, Circuit Judges.
PER CURIAM:[*]

Kristofer Thomas Kastner appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) based on the district court's determination that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Kastner argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abused its discretion by dismissing his complaint as frivolous because his case is distinguishable from *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007). He also argues that, because *DeLeon* is not applicable to this case, his complaint is not wholly frivolous and that the district court should have analyzed the case in accordance with Fed. R. Civ. P. 12(b)(6). Finally, he argues that his claims should not be barred by *Heck* because he pleaded causes of action that are "conceptually distinct" from the assault that resulted in the underlying order of deferred adjudication.

*Heck*'s favorable termination rule requires a district court to consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In *DeLeon*, this court concluded that a deferred adjudication order is a conviction for the purposes of *Heck*'s favorable termination rule. 488 F.3d at 656.

Kastner argues that his case is distinguishable from *DeLeon* because he pleaded nolo contendere, which did not require him to accept responsibility for the actions alleged in the indictment. The nature of the plea underlying the deferred adjudication order is not relevant in this context. *See DeLeon*, 488 F.3d at 654-56. Thus, Kastner's suit was properly subject to dismissal under *Heck*. *Id.* at 656. Kastner's argument that the district court should have analyzed his case in accordance with Rule 12(b)(6) is likewise without merit. *See Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 619 (5th Cir. 1992).

Moreover, despite Kastner's arguments to the contrary, his complaint does not allege claims that are "conceptually distinct" from the underlying assault. If Kastner prevails, he would establish that his deferred adjudication lacks any basis. Accordingly, he may not bring his claims until he satisfies the conditions of *Heck*. *See DeLeon*, 488 F.3d at 656.

2

The district court did not abuse its discretion by denying Kastner's complaint as frivolous. Accordingly, the judgment is AFFIRMED.