# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 23, 2013

Lyle W. Cayce
Clerk

No. 12-30310
Summary Calendar

EARL J. CLAUNCH,

                    Plaintiff-Appellant

v.

THOMAS WILLIAMS, Deputy;
JORDAN HOLLENBECK, Deputy;
LAWRENCE HUDSON, Deputy;
MICHAEL FISHER, Lieutenant;
RODNEY JACK STRAIN, JR., Sheriff,
in his capacity as the sheriff of St. Tammany Parish;
HENRY RODRIGUEZ; PARISH CAB, INCORPORATED,

                    Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1716

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Earl Claunch sued the Sheriff and members of the St. Tammany Parish sheriff's office ("STPSO")—as well as a cab driver and the Parish Cab company—after Claunch was arrested and detained by the STPSO following a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cab ride home.  The complaint alleged civil rights violations under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as Louisiana state law claims for, *inter alia*, use of excessive force.  In light of the uncontoverted arrest record, Claunch's deposition testimony, and the Supreme Court's decision in *Heck v. Humphry*, 512 U.S. 477, 114 S. Ct. 2364 (1984), the district court granted STPSO's motion for summary judgment and dismissed Claunch's federal claims with prejudice.[1]  There being no reason to alter the sound reasoning of the district court, we AFFIRM.

Reading the complaint and original deposition testimony, one would never know Claunch did anything wrong—the officers supposedly arrested him on the night in question "for no reason."  The summary judgment record tells a different story though.  Officers were notified Appellant was intoxicated and refusing to exit a cab; this prompted his arrest and detention.  The record also indicates Appellant was unruly throughout transport to the police station, forcing officers to use leg restraints and a taser at a separate point in time.  Claunch later pled no contest to both resisting arrest and disturbing the peace.[2]  Because these convictions relate to the alleged incidence of excessive force, *Heck v. Humphry* comes into play.  *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A claim falls under the rule in *Heck* . . . when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence.").

Appellant now contends that the basis for his convictions is distinct from the excessive force claim: since his resistance only occurred at the initial point restraints were placed on him, alleged actions of the STPSO occurring before and after that point should not be shielded.  While *Heck* does not preclude such a

---

[1] The court also dismissed Claunch's state law claims without prejudice.  Defendants Henry Rodriguez and Parish Cab, Inc. were not included in the STPSO motion.  Claims against them were subsequently dismissed without prejudice and are not part of this appeal.

[2] Appellant's argument that a plea of *nolo contendere* prevents this court's consideration of those convictions is incorrect.  The mere existence of a conviction is enough, without delving into details, to trigger *Heck*.

distinction, *see, e.g.*, *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008), Claunch only raised this point long after the initial complaint (a year and a half) and the affidavit in which that assertion is made impeaches previously sworn deposition testimony without explanation.    The district court was right to find this unpersuasive.  Moreover, even if the new testimony is allowed to supercede the former as to resisting arrest, no argument is offered to explain the conviction for disturbing the peace that would also be impugned by countenancing his claims.[3]

Because Appellant's version of the story cannot coexist with his underlying convictions, the district court was correct to hold in favor of the defendants.

**AFFIRMED.**

---

[3] The only claim that might have survived the *Heck* analysis—Claunch's alleged 2–3 day detention without outside contact to an attorney or family—is not raised on appeal and is, thus, waived.