# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30369
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

JIMMIE C. PETERS; BILLY HOWARD EZELL; J. DAVID PAINTER; CHARLES K. MCNEELY; UNKNOWN JUDGE, J. C. P.; UNKNOWN JUDGE B. H. E.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CV-185

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against the Louisiana Third Circuit Court of Appeal Judges Jimmie C. Peters, Billy Howard Ezell, J. David Painter, and Clerk of Court Charles K. McNeely. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30369

district court dismissed the complaint for failure to state a claim because the defendants were entitled to immunity and because the district court lacked the authority to grant the requested injunctive relief against the defendants. Additionally, the district court dismissed the claims Lavergne asserted under Louisiana state law without prejudice.

On appeal, Lavergne contends that the district court for the Western District of Louisiana erred in denying his motions to amend his complaint and to transfer his case from the Lafayette Division to the Lake Charles Division. This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam). Questions of whether a defendant is entitled to immunity are likewise reviewed de novo. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam).

Lavergne has not challenged the district court's determination that Lavergne's claims against the defendants fail to state a claim because the defendants are entitled to immunity, that the district court did not have the authority to grant Lavergne's requested injunctive relief, that the district court should decline to exercise supplemental jurisdiction over Lavergne's state law claims, or that allowing Lavergne to amend his complaint would be futile because the defendants are entitled to immunity. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Lavergne has therefore failed to show that the district court abused its discretion in denying Lavergne's motion to amend his complaint. *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (per curiam). Additionally, Lavergne's unsupported assertion that venue

was improper in the Lafayette Division is insufficient to show that the district court abused its discretion in denying his motion to transfer. *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008); *United States v. Smith-Bowman*, 76 F.3d 634, 637 (5th Cir. 1996). To the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam).

The district court's judgment is AFFIRMED.