# United States Court of Appeals for the Fifth Circuit

———————

No. 22-60566

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2023

Lyle W. Cayce
Clerk

Gabriel Olivier,

*Plaintiff—Appellant*,

*versus*

City of Brandon, Mississippi; William A. Thompson, *individually and in his official capacity as Chief of Police for Brandon Police Department*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-636

———————————————————————

Before Wiener, Graves, and Douglas, *Circuit Judges*.

Dana M. Douglas, *Circuit Judge*:[*]

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court established a bar against 42 U.S.C. § 1983 claims that necessarily imply the invalidity of the plaintiff's criminal conviction. The question presented is whether *Heck* also precludes injunctive relief against future enforcement of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60566

an allegedly unconstitutional ordinance.  Under the unusual circumstances here, we conclude that it does.

Gabriel Olivier pleaded guilty to violating a local ordinance that redirected protests around an amphitheater to a designated area during live events.  He brought this § 1983 action, seeking to recover damages and to enjoin the ordinance under the First and Fourteenth Amendments.  In *Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998) (en banc), we extended *Heck* to bar such relief.

Yet Olivier does not directly challenge *Clarke*.  Instead, he seeks to distinguish it on grounds that we have long rejected.  He thus leaves us with two options: either follow *Clarke* or create an extraordinary exception to our precedent.  Choosing the former, we AFFIRM the district court's dismissal of Olivier's claims.

## I.

Olivier is an evangelical Christian who often preaches in public.  He seeks to "impart[] . . . [the] message that everyone sins and deserves eternal damnation but [for] Jesus Christ."  He also protests "sins he believes are relevant for the community," like abortion, and what he describes as "whore[ness]," "drunk[enness]," and "fornicat[ion]."  *Olivier v. City of Brandon*, No. 3:21-cv-00636-HTW-LGI, 2022 U.S. Dist. LEXIS 196233, at *7 (S.D. Miss. Sept. 23, 2022).  To spread his views, Olivier uses signs and loudspeakers, and frequents high-traffic areas with many pedestrians.

One such area is the Brandon Amphitheater.  Owned by the City of Brandon, Mississippi, the Amphitheater hosts live events for crowds of up to 8,500 people.  Olivier alleges that, between 2018 and 2019, he visited the Amphitheater five or six times to evangelize.

No. 22-60566

In 2019, the City passed an ordinance (Section 50-45 of the Brandon Code of Ordinances—"the Ordinance") to reduce traffic around the Amphitheater during live events. The Ordinance redirects "protests" and "demonstrations" to a designated protest area three hours before an event, and one hour after. It also bans the use of loudspeakers that are "clearly audible more than 100 feet" from the protest area and requires all signs to be handheld. The Ordinance states that these restrictions apply "regardless of the content and/or expression" of the protest.

In May 2021, Olivier visited the Amphitheater with friends and family during a live concert to evangelize. He was stopped by the City's chief of police, William Thompson, who handed him a copy of the Ordinance and ordered him to go to the protest area. Though Olivier first complied, he later returned, believing the protest area was too isolated for attendees to hear his messages. He was then charged with violating the Ordinance.

Olivier pleaded *nolo contendere* (no contest) in municipal court. He received a suspended sentence of ten days' imprisonment and a fine. Olivier paid the fine but did not appeal his conviction.

Olivier then sued the City and Chief Thompson under § 1983, claiming the Ordinance violated the First and Fourteenth Amendments. He sought damages and also moved for a preliminary and permanent injunction to enjoin the City from enforcing the Ordinance. Defendants then moved for judgment on the pleadings as well as summary judgment, arguing that Olivier's claims were barred by *Heck*. The district court agreed with defendants, denied Olivier's request for injunctive relief, and dismissed his claims with prejudice.

No. 22-60566

Olivier now appeals on a single, narrow issue: whether the district court erred in barring his request for injunctive relief under *Heck*.[1]

## II.

Before addressing the merits, we begin with some housekeeping.

## A.

First is the standard of review. The district court never stated which motion it was granting. It did, however, refer to matters beyond the pleadings. We thus construe the court's decision as a grant of summary judgment. *See Reynolds v. New Orleans City*, 272 F. App'x 331, 335 (5th Cir. 2008) (construing the district court's decision as a grant of summary judgment in a similar situation); *cf.* FED. R. CIV. P. 12(d) ("If, on a motion [for judgment on the pleadings], matters outside the pleadings are . . . not excluded . . . the motion must be treated as one for summary judgment").

Our review is *de novo*. *See Newbold v. Operator, L.L.C.*, 65 F.4th 175, 178 (5th Cir. 2023) (citation omitted). Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We will draw "all reasonable inferences" in the non-movant's favor, *Newbold*, 65 F.4th at 178 (citation omitted), and may affirm "on any ground raised below and supported by the record." *Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360, 365 (5th Cir. 2012) (citation omitted).

---

[1] Olivier has also abandoned his claims against Chief Thompson.

4

**B.**

Next are defendants' half-hearted assertions that Olivier forfeited his chance to oppose the application of *Heck* to his request for injunctive relief. He did not.

First, defendants claim that Olivier waived his challenge because he raised it in a sur-reply before the district court. We disagree. Olivier raised this objection in his initial opposition, albeit in a footnote. Whatever defects there may have been in this presentation were harmless because defendants were able to respond. *See Redhawk Holdings Corp. v. Schrieber*, 836 F. App'x 232, 235 (5th Cir. 2020) (holding that district courts may "consider arguments . . . raised for the first time in a reply brief" if it provides the opposing party "an adequate opportunity to respond."). The district court also succinctly recited the parties' arguments and ruled on this issue in its decision. *See Olivier*, 2022 U.S. Dist. LEXIS 196233, at *21. "An argument is not forfeited on appeal if the argument on the issue before the district court was sufficient to permit the district court to rule on it." *CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 325 (5th Cir. 2023) (cleaned up). That is what happened here.[2]

Defendants also say that Olivier forfeited his objection to *Heck* because he failed to properly brief it on appeal. Their theory goes like this: *Heck* focuses on claims not relief. But in his briefs, Olivier focuses mostly on whether *Heck* bars injunctive *relief*, rather than his underlying *claims*. So he waived the issue on appeal—or so defendants allege.

---

[2] Olivier's case thus differs from others where the parties waived their claims by failing to give the trial court "a fair opportunity to consider the[m]." *Harper v. Lumpkin*, 64 F.4th 684, 691 (5th Cir. 2023) (citation omitted).

This distinction, however, is wordplay and finds no support in our *Heck* jurisprudence. Indeed, this court has used "claim" and "relief" interchangeably in its opinions. *See McCollum v. Lewis*, 852 F. App'x 117, 121 (5th Cir. 2021) ("*Heck* bars most of McCollum's *claims*.") (emphasis added); *White v. Fox*, 294 F. App'x 955, 960 (5th Cir. 2008) ("*Heck* . . . bar[s] these avenues of *relief*") (emphasis added). Olivier did not forfeit his challenge.

## C.

One last item of housekeeping remains. Defendants contend that Olivier's claims are not ripe for disposition. Olivier's request for injunctive relief is a pre-enforcement challenge. Such challenges are not ripe if the issues are "abstract or hypothetical." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 545 (5th Cir. 2008) (citation omitted). "[K]ey considerations" include the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (citation omitted). A case is generally ripe if the questions are "purely legal ones," and not if "further factual development is required." *Id.*; *see Feds for Med. Freedom v. Biden*, 63 F.4th 366, 386 (5th Cir. 2023). To demonstrate ripeness, a plaintiff must also show "some hardship." *Roark & Hardee LP*, 522 F.3d at 545 (citation omitted).

Olivier easily makes both showings. His challenge is a purely legal one: whether *Heck* bars a claim for injunctive relief that disputes the constitutionality of a local ordinance. *See Feds for Med. Freedom*, 63 F.4th at 386. Further factual development is not needed to address this claim. Olivier also states that he can no longer preach at the Amphitheater because of the Ordinance. "[W]here a regulation requires an immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance, hardship has been demonstrated." *Roark & Hardee LP*, 522 F.3d at 545 (quoting *Suitum v. Tahoe Reg'l Plan. Agency*, 520

U.S. 725, 743-44 (1997)).  That is precisely what Olivier alleges; his claims are thus ripe for disposition.  We move on to the merits.

### III.

*Heck* commands that "a convicted criminal may not bring a claim under . . . § 1983, if success on that claim would necessarily imply the invalidity of a prior conviction." *Aucoin v. Cupil*, 958 F.3d 379, 382 (5th Cir. 2020) (citation omitted).  This prohibition continues until the conviction is "reversed," "expunged," or "declared invalid." *Heck*, 512 U.S. at 487.  The *Heck* bar seeks to ensure "finality and consistency" of prior criminal proceedings and to prevent "duplicative litigation and the potential for conflicting judgments." *Aucoin*, 958 F.3d at 380, 382.

Though a classic example of a *Heck*-barred claim is one for money damages, courts have expanded *Heck* to also bar declaratory and injunctive relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Clarke*, 154 F.3d at 190-91.[3]  Thus:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or **equitable relief**), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would **necessarily** demonstrate the invalidity of confinement or its duration.

---

[3] *See also VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) ("*Heck* prevents [a plaintiff] from raising *any* constitutional claim or seeking *any* injunctive relief that would result in invalidating, or implying the invalidity of, a conviction or sentence that has not otherwise been reversed, expunged, or called into question." (citations omitted)); *Lavergne v. Clause*, 591 F. App'x 272, 273 (5th Cir. 2015) ("*Heck* applies to [] claims for declaratory and injunctive relief as well as damages under § 1983." (citation omitted)).

*Wilkinson*, 544 U.S. at 81-82 (emphasis added in bold); *see Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

Olivier's plea of *nolo contendere* is a conviction that implicates *Heck*. *See Claunch v. Williams*, 508 F. App'x 358, 359 n.2 (5th Cir. 2013) ("[A] plea of *nolo contendere*. . . . is enough . . . to trigger *Heck*."); *Kastner v. Texas*, 332 F. App'x 980, 981 (5th Cir. 2009) (same); *see also* Miss. Code Ann. § 21-23-7(8) ("Upon the entry of a plea of nolo contendere[,] the court *shall convict* the defendant") (emphasis added). To prevail, he must therefore show that his request to enjoin the ordinance would not "necessarily" invalidate his conviction. *Wilkinson*, 544 U.S. at 82.

Olivier insists that he meets this burden. According to him, the injunction he seeks is entirely prospective; it concerns "the constitutionality of the ordinance and its application to his religious speech in the future." Defendants disagree, comparing Olivier's case to *Clarke*, an en banc decision of this court. We agree with defendants.

In *Clarke*, a prison inmate challenged the constitutionality of a prison rule that banned certain threats against prison employees. *Clarke*, 154 F.3d at 187-88. He sought damages and "prospective injunctive relief from . . . the rule on grounds of facial unconstitutionality" under the First Amendment. *Id.* at 188. The en banc court held that *Heck* barred both forms of relief. In so doing, the *Clarke* court distinguished between prospective relief that would "merely enhance eligibility for earlier release" and those that would "create entitlement to such relief." *Id.* at 190 (citation omitted). The inmate's request for injunctive relief implicated the latter, the court reasoned, because a favorable ruling "would be binding on state courts," which "could only conclude that [the inmate] had been convicted of violating an unconstitutional rule." *Id.* (citing cases). Thus, because the inmate's conviction had yet to be "reversed, expunged or otherwise declared invalid,"

his facial challenge to the constitutionality of the prison rule was "not []
cognizable in a § 1983 action." *Id.* at 191.

*Clarke* squarely applies to Olivier's case. As in *Clarke*, Olivier also
seeks to enjoin a state law under which he was convicted. *See id.* at 190. He
likewise requests "prospective injunctive relief . . . on grounds of facial
unconstitutionality." *Id.* at 188. Under *Clarke*, such relief "necessarily
implies" the invalidity of the conviction and is barred under *Heck. Id.* at 189.
It also goes without saying that, as an en banc decision, *Clarke* is binding. *See
Veasey v. Abbott*, 13 F.4th 362, 365 (5th Cir. 2021); *Coastal Prod. Servs. v.
Hudson*, 555 F.3d 426, 431 n.10 (5th Cir. 2009).

Olivier's attempts to distinguish *Clarke* do not persuade us. For
starters, he argues that the only relief he seeks is to enjoin the prospective
enforcement of the Ordinance, not damages. Not so: Olivier sought
compensatory and nominal damages at the district court. And either way,
*Clarke* would still bar his challenge. Damages notwithstanding, *Clarke* makes
clear that *Heck* forbids injunctive relief declaring a state law of conviction as
"facially unconstitutional." *Clarke*, 154 F.3d at 190. Simply put, a
"[c]onviction based on an unconstitutional rule is the sort of 'obvious defect'
that, when established, results in nullification of the conviction." *Id.*
(citations omitted).

True, unlike the inmate in *Clarke*, Olivier is not serving his sentence.
But in this circuit, *Heck* applies even if a § 1983 plaintiff is "no longer in
custody" and "thus [cannot] file a habeas petition." *See Randell v. Johnson*,
227 F.3d 300, 301 (5th Cir. 2000).

Most of the cases Olivier cites do not rebut *Clarke*. He quotes *Aucoin*,
for example, and says that there is "no *Heck* bar if the alleged violation occurs
'after' the cessation of the plaintiff's misconduct that gave rise to his prior
conviction." Yet *Aucoin* was an excessive force case that had nothing to do

with injunctive relief; nor did the plaintiff challenge the constitutionality of the underlying statute of conviction. *See Aucoin*, 958 F.3d at 382-83. Olivier also relies on *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), where the Supreme Court said, in passing, that "[o]rdinarily, a prayer for [certain] prospective relief" will not undermine *Heck*. In context, however, the Court was referring to the specific relief sought in that case: an injunction "requiring prison officials to date-stamp witness statements." *Id.* at 648. And as *Clarke* recognized, the injunction in *Edwards* had only an "indirect impact" on the inmate's conviction. *Clarke*, 154 F.3d at 189.

Olivier finds stronger support in *Wilkinson*, 544 U.S. 74 and *Skinner v. Switzer*, 562 U.S. 521 (2011). In *Wilkinson*, several inmates challenged the constitutionality of their parole-hearing procedures and sought declaratory and injunctive relief compelling officials to apply different rules. *Wilkinson*, 544 U.S. at 76-77. *Heck* did not preclude such relief because the inmates' success would merely mean "new [parole] eligibility review" or "a new parole hearing," neither of which "necessarily spell[ed] immediate or speedier release," or implied the invalidity of their sentences. *Id.* at 81. Likewise in *Skinner*, the Supreme Court permitted an inmate to seek an injunction compelling DNA testing because "[s]uccess . . . gains for the prisoner *only access* to [] DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Skinner*, 562 U.S. at 525 (emphasis added). That was so even if the "ultimate aim" of the injunction may be to "use the test results as a platform for attacking his conviction." *Id.* at 534. These cases suggest that the Supreme Court sees *Heck* as a bar to injunctive relief in only the narrowest of circumstances. *Cf. Nelson*, 541 U.S. at 647 ("[W]e were careful in *Heck* to stress the importance of the term 'necessarily.'").

There is admittedly friction between *Clarke* and these decisions. On one hand, *Skinner* suggests that an injunction would not "necessarily" imply the invalidity of a conviction unless that outcome is "inevitable." *Skinner*,

No. 22-60566

562 U.S. at 534.  Yet enjoining a law as unconstitutional may not "inevitably" lead to the invalidity of the underlying conviction; preliminary injunctions "merely [] preserve the relative positions of the parties until a trial on the merits can be held."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). And the district court may very well reach a different result after trial; "findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."  *Id.* (citations omitted).  Such findings also would not bind Mississippi state courts, which have the ultimate say over Olivier's conviction.  *See, e.g.*, *Stewart v. Guar. Bank & Trust Co.*, 596 So.2d 870, 873 (Miss. 1992) (explaining that an "interlocutory injunction" is not an "adjudication on the merits" and does not have *res judicata* effect).  This court never addressed that issue in *Clarke*, relying instead on the preclusive effect that federal *judgments* and *findings on the merits* have on state courts.[4]  *See Clarke*, 154 F.3d at 190.

But on the other hand, the injunctive relief in *Wilkinson* (parole review) and *Skinner* (DNA testing) resemble the one in *Edwards* (date-stamping): they concern matters that are entirely separate from the underlying conviction.  *See Wilkinson*, 544 U.S. at 82 (explaining that the plaintiffs could proceed with their request for injunctive relief because they only "render invalid [] state *procedures*" for parole (emphasis added)). Indeed, a preliminary injunction will only issue if the proponent shows a likelihood of success that the statute is unconstitutional.  *See Rest. Law Ctr. v. United States DOL*, 66 F.4th 593, 597 (5th Cir. 2023).  Which is why courts describe this relief as a rare and "extraordinary and drastic remedy." *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023) (citation omitted).

---

[4] The dissent in *Clarke* raised some of these concerns.  *See Clarke*, 154 F.3d at 191 (Garza, J., dissenting) (explaining that the injunction in *Clarke* would, at best, "possibly imply" the invalidity of the conviction).

That is different from a challenge to the constitutionality of the very law that led to plaintiff's conviction, as in *Clarke*. Again, *Clarke* distinguished *Edwards* on this very basis: it found the relief sought in *Edwards* had "only an indirect impact on the validity of [the] prisoner's conviction." *Clarke*, 154 F.3d at 189 (citations omitted); *see also Martin v. City of Boise*, 920 F.3d 584, 619 (9th Cir. 2019) (Owens, J., dissenting) (explaining that the injunctive relief in *Edwards* concerned "procedural violations" and that constitutional challenges, no matter how prospective, are "substantive").

Still, we need not bridge the gap between *Clarke* and these decisions today. Olivier does not claim that *Clarke* is no longer good law; he only seeks to distinguish it. We have already rejected those efforts above.

Finally, Olivier urges us to carve out an independent exception to *Heck* for prospective challenges like his. That is what the Ninth Circuit did in *Martin* when it permitted several homeless individuals to enjoin two ordinances that banned camping and lodging on public property. 920 F.3d at 603-04. In so doing, the *Martin* court reasoned that *Heck* ensured the "finality and validity of previous convictions"—not to "insulate future prosecutions from challenge." *Id.* at 611. But again, that brings us right back to *Clarke*, which Olivier does not seek to overturn. *See* 154 F.3d at 189; *see also Martin*, 920 F.3d at 619 (Owens, J., dissenting) (viewing the challenge in *Martin* as a "substantive" attack that "impl[ied] the invalidity" of the convictions). And because we have rejected Olivier's invitation to distinguish *Clarke*, we likewise leave this question for another day.

All this leads to one conclusion: affirmance. But we will make one modification to the judgment. The district court denied Olivier's claims "with prejudice." That mandate, however, would bar Olivier from pursuing his claims even if his conviction were later "reversed," "expunged," or "declared invalid." *Heck*, 512 U.S. at 487. To avoid this outcome, we have

explained that the "preferred" language under *Heck* is to dismiss the claims "with prejudice *to their being asserted again until the Heck conditions are met.*" *Deleon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (citation omitted) (emphasis added). So we will modify the judgment accordingly. *See id.* (modifying the judgment under similar circumstances); *see Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (same).

## IV.

Under *Clarke*, Olivier's request to enjoin the enforcement of the Ordinance as unconstitutional would "necessarily" imply the invalidity of his conviction. *Clarke*, 154 F.3d at 188. Thus, the *Heck* bar applies. We therefore AFFIRM the judgment as MODIFIED.